IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Denory A. Bell,                        )
    Petitioner,                  )
                                       )
v.                                     )      1:10cv382 (AJT/TCB)
                                       )
Gene M. Johnson,                       )
    Respondent.                  )

## MEMORANDUM OPINION

Denory A. Bell, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of indecent

liberties with a child and forcible sodomy following a bench trial in the Circuit Court for the City

of Hampton, Virginia. On August 27, 2010, respondent filed a Motion to Dismiss and Rule 5

Answer, with a supporting brief and exhibits. Bell was given the opportunity to file responsive

materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a

memorandum in support of his petition in response. Filing of the pertinent state court records was

completed on November 4, 2010. For the reasons that follow, respondent's Motion to Dismiss must

be granted, and Bell's claims must be dismissed.

### I. Background

On July 14, 2006, Bell was sentenced to a total of twenty-five (25) years incarceration

following his conviction of two counts of forcible sodomy and two counts of taking indecent liberties

with a child. Hampton Circuit Court Case No. CR06-351; Resp. Ex. A, Att. 1, Sentencing Orders.

Bell pursued a direct appeal to the Court of Appeals of Virginia, raising the following claims:

1. The trial court erred in denying his motion to suppress his January 13th statement where it had been obtained after he invoked his right to an attorney.

2. The trial court erred in denying his motion to strike the two forcible sodomy charges where the Commonwealth's evidence failed to prove the element of intimidation.

3. The trial court erred in denying his motion for a continuance to give him time to subpoena a witness who had just written a letter to defense counsel containing pertinent information.

Resp. Ex. A, Att. 2, Appellant's Petition for Appeal. By *per curiam* Order dated January 23, 2007, Bell's petition for appeal was denied. Bell v. Commonwealth, R. No. 1813-06-1 (Va. Ct. App. Jan. 23, 2007); Resp. Ex. A, Att. 3. Bell's subsequent petition for review by a three-judge panel was granted in part, and an appeal was awarded solely on the question of whether the trial court erred in denying the motion to strike the forcible sodomy charges. Resp. Ex. A, Att.5. On December 18, 2007, the panel concluded that "the evidence was sufficient to prove the required intimidation," and affirmed Bell's forcible sodomy convictions. Bell v. Commonwealth, R. No. 1813-06-1 (Va. Ct. App. Dec. 18, 2007); Resp. Ex. A, Att. 6. Bell petitioned the Virginia Supreme Court for further review of the issue of whether the motion to strike was properly denied, but his petition for appeal was refused. Bell v. Commonwealth, R. No. 080027 (Va. Apr. 10, 2008); Resp. Ex. A, Att. 7.

On April 9, 2009, Bell filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, essentially arguing that he received ineffective assistance of appellate counsel when the denial of his motion to suppress was not presented to the Supreme Court of Virginia for review. Resp. Ex. B. The petition was dismissed on October 9, 2009, on the holding that "petitioner has failed to demonstrate that counsel's performance was deficient," Bell v. Dir., Dep't of Corrections,

R. No. 090719 (Va. Oct. 9, 2009); Resp. Ex. C, and the Court subsequently denied Bell's petition for rehearing of that result. Resp. Ex. D.

On or about April 15, 2010, Bell timely filed the instant application for federal habeas corpus relief.[1] Because the initial pleading was a non-standardized petition which did not supply sufficient information to allow the Court to determine the threshold issues of exhaustion and procedural default, Bell was directed to submit an amended petition using a set of standardized forms, in compliance with Local Rule 83.4. Petitioner was cautioned that the amended petition would serve as the sole petition in this civil action. On May 17, 2010, Bell complied with those instructions, and filed a standardized petition raising the following claims:

1. His Miranda rights were violated during his custodial interrogation, in violation of the Fifth Amendment.

2. He was denied his Sixth Amendment right to counsel during his interrogation.

3. Appellate counsel was ineffective for failing to include the denial of his motion to suppress in the petition for direct appeal to the Virginia Supreme Court.[2]

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Bell does not indicate either the date that he placed his petition into the prison mailing system or the date he executed the petition, but it was date-stamped as received by the Clerk on April 15, 2010. Pet. at 1.

[2] In the initial petition, Bell also raised claims that his trial counsel rendered ineffective assistance by failing to file a motion for new trial and failing to object to the admission of evidence at trial. Because petitioner was cautioned in the Order requiring an amended petition that the amended petition would serve as the sole petition in the action, it is assumed that by omitting these claims from the amended petition Bell intentionally waived them. Even if that was not so, neither of the omitted claims has been presented to the Supreme Court of Virginia for review, so both are now simultaneously unexhausted and procedurally barred from federal consideration. Cladgett v. Angelone, 209 F.3d 370, 378 - 79 (4th Cir. 2000).

Respondent has filed a Motion to Dismiss Bell's claims, and Bell has filed a memorandum in reply. Accordingly, this matter is now ripe for review.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

In this case, neither of Bell's first two claims - that his Miranda rights were violated during his custodial interrogation in violation of the Fifth Amendment, and that he was denied his Sixth Amendment right to counsel during his interrogation - have been presented to the Supreme Court of Virginia for review. Although Bell raised the Sixth Amendment claim in his direct appeal to the Virginia Court of Appeals, it was not argued as a ground for relief in the subsequent petition for appeal to the Virginia Supreme Court. The Fifth Amendment claim was not raised in any of Bell's state court proceedings. Therefore, both claims 1 and 2 of the instant petition remain unexhausted.

Although Bell did not properly present claims 1 and 2 to the Supreme Court of Virginia, they are nonetheless treated as exhausted because petitioner is now precluded from raising them in state court. Specifically, the claims are procedurally defaulted under Virginia Code § 8.01-654(B)(2),

4

which bars successive state habeas applications. Moreover, because Bell did not allege in his petition for rehearing in his state habeas proceeding that the Supreme Court of Virginia had misconstrued or failed to address his claims, he is precluded from doing so here. See Ramdass v. Angelone, 28 F. Supp. 2d 343, 356 - 57 (E.D. Va. 1998) (holding that a habeas petitioner's failure to request reconsideration of a decision by the Supreme Court of Virginia constituted a procedural bar to a federal challenge of that decision). Because "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim," Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)), claims 1 and 2 of this petition are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his Memorandum in Support of Petition, which serves as his reply to respondent's Motion to Dismiss, Bell argues essentially that the Court should deem claims 1 and 2 exhausted because he has made "repeated attempts" to challenge the denial of his motion to suppress in his state court

5

proceedings. Docket # 14. Bell's position fails for two reasons. First, for a claim to be exhausted for federal purposes, "both the operative facts and the 'controlling legal principles' must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971)); see also, Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court."). Here, while it is true that Bell challenged the denial of his motion to suppress in the state forum, he never did so on the ground that his Fifth Amendment rights thereby were violated, so it is apparent that claim 1 of this petition remains unexhausted and hence is procedurally defaulted from further review. And while Bell did argue that his Sixth Amendment rights were compromised during his custodial interrogation, he pursued that claim only until it was rejected by the Virginia Court of Appeals. Since the Supreme Court of Virginia thus never had the opportunity to review claim 2, it also is unexhausted and barred from consideration here.

Petitioner also includes a reference in his Memorandum to a case in which the Seventh Circuit Court of Appeals held that a procedural default could be excused where counsel failed to appeal an issue requested by the petitioner and thereby rendered ineffective assistance. Such authority is not pertinent here because as discussed above, Bell argued in his state habeas application that his appellate lawyer was ineffective for failing to challenge the denial of the motion to suppress before the Supreme Court of Virginia on direct appeal review. Resp. Ex. B. In dismissing the habeas petition, the Court found expressly that ineffective assistance had not been demonstrated. Bell v. Dir., supra, slip op. at 2. As petitioner neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted, cf. Schlup v. Delo, 513 U.S. 298,

6

327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999), claims 1 and 2 of this petition are procedurally barred from consideration on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id, at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Merits

In the third claim of this petition, Bell argues that his appellate counsel was ineffective for failing to raise the denial of Bell's motion to suppress in the petition for direct review to the Supreme

Court of Virginia. When Bell made this same contention in his application for a state writ of habeas corpus, it was rejected on the following holding:

> In claim (1), petitioner alleges he was denied the effective assistance of appellate counsel because counsel failed to challenge the Court of Appeals' determination not to reverse the trial court's denial of petitioner's motion to suppress statements he made to police Petitioner alleges that counsel neither consulted with, nor informed petitioner that he would abandon the issue on appeal to this Court, and that petitioner had directed counsel to pursue the issue. Petitioner argues that he was prejudiced because the issue had merit, and because the issue argued in this Court did not encompass petitioner's convictions for indecent liberties, while the suppression issue would have applied to all of petitioner's convictions.

> The Court holds that claim (1) fails to satisfy the 'performance' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including petitioner's appeal filed in the Court of Appeals of Virginia and his demand for a three-judge panel to review his case, indicates that counsel presented the suppression issue to the Court of Appeals twice and both times the issue was rejected. Counsel's decision to focus on the sufficiency issue, which had been granted by the Court of Appeals of Virginia, involved tactical judgment and is the hallmark of effective advocacy. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 - 52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient.

Bell v. Dir., supra, slip op. at 2.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a

determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Here, for the reasons which are amply expressed in the opinion of the Supreme Court of Virginia, Bell in his claim of ineffective appellate representation has failed to satisfy either prong of the applicable Strickland analysis. As Bell has failed to carry his burden to demonstrate that the rejection of his argument was either contrary to, or an unreasonable application of, that controlling

9

federal law, or was based on an unreasonable interpretation of the record facts, the same result is compelled here. Williams, 529 U.S. at 412 - 13.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition petition must be dismissed. An appropriate Order shall issue.


Entered this ____/ˢᵗ____ day of ___MARCH_____ 2011.


Alexandria, Virginia

Anthony J. Trenga
United States District Judge